**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

**UNITED STATES OF AMERICA**

          **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　　　　　　　Case No.　CR-3-06-70

**JASON BIGLER**

          **Defendant.**

---

**ENTRY AND ORDER DENYING DEFENDANT'S**
**MOTION TO SUPPRESS (DOC. #18)**

---

This matter comes before the Court pursuant to Defendant's Motion to Suppress (Doc. #18) filed May 17, 2006. The Court conducted an evidentiary hearing on said Motion on November 14, 2006. Subsequently, the Defendant filed a Memorandum in support of the Motion to Suppress (Doc. #24) on December 4, 2006, which was followed by the Government's Response (Doc. #25) filed December 12, 2006, and Defendant's Reply (Doc. #26) on December 19, 2006.

**FACTS**

On May 22, 2006, the Defendant was convicted in Van Wert County Common Pleas Court of one count of having unlawful sexual conduct with a minor, in violation of Ohio Revised Code Section 2907.04(A) and (B)(3). After an initial term of imprisonment, Defendant was placed on a five year period of parole in Van Wert County, Ohio, the conditions of which were admitted into evidence as Government Exhibit 2, including a prohibition to leaving the State of Ohio without permission. Defendant's parole supervision was later transferred to Montgomery County, Ohio, on September 1, 2004. At that time, the Defendant's new parole officer again reviewed the conditions contained in Exhibit 2 and additionally imposed a set of written special sex offender

conditions of parole which has been admitted into evidence as Government's Exhibit 3, including a prohibition to possession or use of a computer without permission.

Defendant owned a residence at 608 Bowen Street, Dayton, Ohio but was not permitted to reside there due to its close proximity to a school. Therefore, Defendant resided in a rental property at 1431 Wyoming Avenue, Dayton, Ohio. The Defendant was allowed access to the Bowen Street residence with specific permission from parole to maintain the property.

Defendant enrolled as a student at Sinclair Community College in Dayton, Ohio.

On or about August 3, 2005, the Defendant's Montgomery County Parole Officer was contacted by a Kentucky State Probation Officer who advised this parole officer that the Defendant was observed in Covington, Kentucky having contact with a female. The Kentucky officer further advised that he understood the Defendant was originally introduced to the female via the internet. These alleged actions were violations of Defendant's conditions of parole. Specifically, violations of condition #3 of the original conditions (Exhibit #2) and #15(b) of the sex offender special conditions (Exhibit #3).

The Defendant did not receive permission to leave the State of Ohio and travel to the State of Kentucky. Although the Defendant did have special permission from his parole officer to use computers at Sinclair, that permission was limited to the express and exclusive purpose of furthering his academic and word processing endeavors and did not authorize the use of a computer to communicate with females via the internet.

Based upon the information obtained from the Kentucky parole officer, the Defendant was detained and questioned. He acknowledged the parole violation of leaving the State without permission. Pursuant to this admission and the parole officers' concern that the Defendant was utilizing a computer in violation of special condition 15(b) in the sex offender conditions (Exhibit #3), those officers, pursuant to condition #9 of the original conditions of supervision and ORC Section 2967.131, conducted warrantless searches of Defendant's residences located at 608 Bowen Street and 1431 Wyoming Avenue in Dayton, Ohio (Government Exhibit #4).

During said search of 608 Bowen Street, the parole officers discovered, along with a significant amount of personal items, three unplugged computer towers, various computer desks and floppy disks. Those computers and equipment were seized and submitted to a forensic lab for analysis. Subsequently, the officers also conducted a search at 1431 Wyoming. That search

revealed the presence of a computer web camera which was also seized.  The results of the forensic analysis of the computer towers and disks disclosed the presence of multiple images of both adult and child pornography.

## ANALYSIS

The Defendant's Motion requests the Court to suppress the evidence which resulted from the searches performed by the parole officers.  In doing so, he argues the searches were conducted without a duly authorized search warrant and that there was no reasonable grounds for the search of these premises and seizure of the items under the totality of the circumstances.

The Court does not find Defendant's Motion well-founded.  The parole officers were authorized to search both residences at 608 Bowen and 1431 Wyoming.  The Defendant signed the conditions of supervision (Government Exhibit 2) agreeing to a search without a warrant if there is reasonable grounds to believe that Defendant is not abiding by the law or terms and conditions of supervision.

Ohio Revised Code Section 2967.131 reads, as follows:

> ". . . . if they have reasonable grounds to believe that an individual or felon has left the state, is not abiding by the law or otherwise is not complying with the terms and conditions of the individual's or felon's conditional pardon, parole . . .  warrantless searches are permitted."

The Defendant in this case admitted violating his parole conditions by leaving the State.  Said admission would corroborate the information received from the Kentucky parole officer as to his presence in Kentucky, but would also lend support to reasonable grounds that Defendant possessed or used computers in contacting the female in Kentucky, both violations of his parole.

Based upon the information received from the Kentucky parole officer and the Defendant's subsequent admission of violating a condition of parole, the parole officers had reasonable grounds to believe that Defendant had left the State and did so after contacting a female in Kentucky by means of a computer and the internet which was not in compliance with the terms and conditions of Defendant's special conditions of parole.

This Court would find that Defendant not only waived his Fourth Amendment protection by signing and agreeing to his conditions of parole, but that the parole officers indeed had

reasonable suspicion to conduct the warrantless searchs of both 608 Bowen Street and 1431 Wyoming Avenue, Dayton, Ohio.

    Defendant's Motion to Suppress (Doc. #18) is not well-founded and is, therefore, DENIED.

    IT IS SO ORDERED.

January 18, 2007                                           **s/THOMAS M. ROSE**

                                                                 THOMAS M. ROSE
                                                 UNITED STATES DISTRICT JUDGE