**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

**UNITED STATES OF AMERICA**

                    **Plaintiff,**

-vs-                                                      **Case No.   CR-3-06-70**

**JASON BIGLER**

                    **Defendant.**

---

**ENTRY AND ORDER OVERRULING DEFENDANT'S**
**MOTION TO DISMISS (DOC. #28)**

---

      This matter comes before the Court pursuant to Defendant's Motion to Dismiss (Doc. #28) filed January 30, 2007.  In response, the Government filed a Brief in Opposition (Doc. #29) on February 8, 2007.

      The Defendant asserts that the Government, by prosecuting the charge of possession of child pornography as alleged in the indictment, seeks to punish him again for the same conduct for which he had been previously sanctioned when he was found to have violated his post release control and sentenced to state prison for six (6) months, in violation of the double jeopardy clause of the Fifth Amendment to the Constitution.

      He bases his argument on the dual sovereignty doctrine citing *United States v. Lanza,* (1922) 260 U.S. 377.  However, the *Lanza* court directly held that a prior state conviction did not bar a federal prosecution.  The court went on to point out that both the state and the federal government could constitutionally prohibit the same acts under the Eighteenth Amendment.  Two sovereigns have the constitutional right to prohibit the same act.  The Fifth Amendment applies only to proceedings by the federal government and double jeopardy forbids a second prosecution

under the authority of the federal government after a first trial for the same offense under the same authority. 260 U.S., at 382.

The Court would also agree that the Petite Policy, referenced in Defendant's motion, a policy of no federal prosecutions subsequent to a state prosecution for substantially the same acts was exactly that, a policy of the Department of Justice. This Petite Policy establishes no individual legal rights or standing for any criminal defendant (*Renaldi v. United States*, 434 U.S. 22, 29, 98 S. Ct. 81, 54 L. Ed. 2d 207 (1977)).

With regard to the specific factual situation now before the Court we are dealing with an individual who has been revoked on his post release control from a state conviction in 2002 as well as being prosecuted in this federal court based upon the same conduct. The state revocation resulted in the Defendant being sentenced six months in state prison. Defendant, based upon the arguments previously discussed, asserts that the federal prosecution should be dismissed in light of the state revocation and sentence.

For the reasons previously stated, the Court does not find Defendant's Motion well-founded. The Court would also point out that a revocation of a status such as post release control, parole and/or supervised release is not considered punishment for the actual conduct which brought it about and for which a defendant may be prosecuted in a separate proceeding.

In *Morrissey v. Brewer*, 408 U.S. 471, 477, 92 S. Ct. 2593, 2598, 33 L. Ed. 2d 484 (1972) the Supreme Court pointed out that parole is designed to "help individuals reintegrate into society as constructive individuals as soon as they are able".

That court further pointed out that "because of its remedial purpose, individuals on parole are subject to conditions designed to benefit and guide them and to protect society." *See id* at 478, 92 S. Ct. at 2599. As a result, it concluded "revocation of parole is not a part of criminal prosecution . . ." *See id* at 478, 92 S. Ct. at 2600.

Several circuits have opined that jeopardy does not attach at parole revocation hearings. See *United States v. Grisanti,* 4 F.3d 173, 176 (2d Cir. 1993). That a person can be prosecuted for a criminal offense even if the same conduct formed the basis of a parole revocation. See *United States v. Hanahan,* 798 F.2d 187, 189 (7th Cir. 1986). And that parole can be revoked for a defendant's acts, even though he was previously acquitted in a criminal prosecution for those very acts. See *Standlee v. Rhay,* 557 F.2d 1303, 1307 (9th Cir. 1977).

Although these authorities deal with a revocation of parole, this Court would conclude that such a revocation as opposed to a revocation of post release control is a distinction without a difference. Supervised statuses such as parole, supervised release and post release control are virtually identical systems.

Revocation of parole is not a punishment for a new offense, although the conduct on which revocation is based may be punished separately. For revocation purposes, the conduct simply triggers the execution of the conditions of the original sentence. Those conditions may not be made more severe, nor may the defendant's term of incarceration after his violation be made more onerous by any act adopted after he was sentenced. In this respect, there is no conceivable basis for distinguishing between parole and supervised release. See *United States v. Paskow,* 11 F.3d 873, 881 (9th Cir. 1993).

This holds true for post release control in the state system. For the purpose of post release control, this new criminal act is not punished at all. The act merely shows defendant needs to finish expiating his prior offense. The remedial effects of post release control are to accomplish that. Post release control, like parole, supervised release and other types of post incarceration release conditions are sanctions for the original offense. Sanctions for violation of its conditions remain remedial.

Defendant's Motion to Dismiss is OVERRULED.

IT IS SO ORDERED.

February 22, 2007               **s/THOMAS M. ROSE**

　　　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　THOMAS M. ROSE
　　　　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE